FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

2009 MAY 15  PM 1:59

CLERK US ...  COURT
OCALA, ...

Billie Clayton,

   Plaintiff,

v.

Portfolio Recovery Associates, LLC,

   Defendant.

Civil Action No.: 5:09-cv-216-OC-10-GRJ

## COMPLAINT

For this Complaint, the Plaintiff, Billie Clayton, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Billie Clayton (hereafter "Plaintiff"), is an adult individual residing at 3718 Northeast 8th Place, Apt 205B, Ocala, Florida 34470, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Portfolio Recovery Associates, LLC (hereafter "Defendant"), is a foreign limited liability company with an address of 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted the Plaintiff late in the evenings, and on the weekends, in violation of 15 U.S.C. § 1692c(a)(1).

10. The Defendant contacted two friends of the Plaintiff's on several different occasions, without confirming or correcting location information, in violation of 15 U.S.C. § 1692b(1) and (b)(3).

11. The Defendant attempted to collect illegal interest and fees, which were not authorized by agreement, in violation of 15 U.S.C. § 1692f(1).

12. The Defendant made misrepresentations as to the character or amount of the debt, in violation of 15 U.S.C. § 1692e(2).

13. The Defendant threatened to sue the Plaintiff if the debt was not paid immediately, in violation of 15 U.S.C. § 1692e(5).

14. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant contacted the Plaintiff during unusual times, in violation of 15 U.S.C. § 1692c(a)(1).

17. The Defendant contacted third parties without confirming or correcting location information, in violation of 15 U.S.C. § 1692b(1).

18. The Defendant contacted third parties in regards to the Plaintiff's debt on more than one occasion without authorization or consent, in violation of 15 U.S.C. § 1692b(3).

19. The Defendant attempted to collect an amount not authorized by agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1).

20. The Defendant misrepresented the character and amount of the debt, in violation of 15 U.S.C. § 1692e(2).

21. The Defendant threatened to take legal action which it did not actually intend to take, in violation of 15 U.S.C. § 1692e(5).

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.55 *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendant is a "consumer collection agency" and its individual collectors are each a "debt collector" as defined by Fla. Stat. § 559.55(6).

26. The Defendant disclosed information about the debt to third parties with knowledge that the third parties had no "legitimate business need" for the information, in violation of Fla. Stat. § 559.72(5).

27. The Defendant communicated with the debtor at unusual times, after 9p.m. in the evening, in violation of Fla. Stat. § 559.72(17).

28. As a result of Defendant's violations of Fla. Stat. § 559.77, the Plaintiff is entitled to damages.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Florida further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Florida state law.

32. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his home during unusual hours and by contacting third parties with regard to Plaintiff's debt.

33. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

34. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

36. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

d. Actual and statutory damages pursuant to Fla. Stat. § 559.77;

e. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

f. Punitive damage; and

g. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 29, 2009

Respectfully submitted,

By: /s/ Laura Hope Richards

Laura Hope Richards, Esq.
Florida Bar No. 060804
2699 Lee Rd., Suite 120
Winter Park, FL 32789
Telephone: (407) 432-4787
Facsimile: (877) 795-3666

<u>Of Counsel To</u>
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666